**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) ) ) | |
| AIRWAY INDUSTRIES, INC., | ) ) | Case No.:  06-20224 JKF |
| Debtor. | ) ) ) | Chapter 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS AIRWAY INDUSTRIES, INC., | ) ) ) ) ) ) | |
| Plaintiff, v. | ) ) ) | Adv. Pro. No. 06-_____ |
| AIRWAY INDUSTRIES, INC., CERBERUS PARTNERS, L.P., CERBERUS CAPITAL MANAGEMENT, L.P. and MADELEINE L.L.C., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO DETERMINE VALIDITY,
PRIORITY, AND EXTENT OF LIENS AND SECURITY INTERESTS**

The Official Committee of Unsecured Creditors ("Committee") of Airway Industries, Inc. ("Airway" or the "Debtor"), by its undersigned counsel, for its Complaint alleges on knowledge as to itself and on information and belief as to all other matters as follows:

**SUMMARY OF CLAIM**

1. Through its pleadings, schedules and motions filed with this Court and statements made in Court, the Debtor, with the consent and insistence of the Cerberus Entities, have represented to this Court that as of the Petition Date, the Cerberus Entities hold valid perfected, first priority liens and security interests against all of the Debtor's assets.

2. Any security interest in favor of the Cerberus Entities, however, is not properly perfected. Specifically, any asserted security interest lapsed no later than June 4, 2003. Thus, as of the Petition Date, the security interest asserted by the Cerberus Entities was not validly perfected and is subject to avoidance, pursuant to Section 544 of the Bankruptcy Code and preservation for the benefit of the estate, pursuant to Section 551 of the Bankruptcy Code.

3. Accordingly, the Committee brings this action to determine the validity, priority, and extent of liens and security interests asserted by the Cerberus Entities, seeking a judgment (i) avoiding the purported security interests, pursuant to Section 544 of the Bankruptcy Code, (ii) preserving the avoided security interests for the benefit of the estate, pursuant to Section 551 of the Bankruptcy Code, and (iii) requiring the Debtor to hold all of the proceeds of any sale of the Debtor's assets (the "Sale Proceeds") in escrow for the benefit of the estate. In order to maintain the status quo in the interim, the Committee also seeks entry of a temporary restraining order and a preliminary injunction prohibiting and enjoining the transfer of Sale Proceeds, pending the final determination of the claims asserted herein.[1]

## JURISDICTION AND VENUE

4. This adversary proceeding is brought pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Sections 105, 544 and 551 of the Bankruptcy Code. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This proceeding arises under and otherwise relates to a case under title 11

---

[1] The Committee was appointed less than three weeks ago. The Committee continues to investigate and explore the facts of this bankruptcy case, as well as the facts that form the basis for this Complaint. This Complaint addresses only the perfection defects of the security interests asserted by the Cerberus Entities and does not address any other challenges or defenses to the claims or security interests asserted by the Cerberus Entities or claims against the Cerberus Entities and any affiliates or insiders, including without limitation, those related to equitable subordination, recharacterization, breach of fiduciary duty and deepening insolvency. The Committee specifically reserves the right to object to the Cerberus Entities' claim and/or assert claims against the Cerberus Entities and any affiliates or insiders at a later date. Nothing contained in this Complaint or otherwise shall prejudice or limit the Committee's rights in any manner.

of the United States Code ("Bankruptcy Code"), and pursuant to Section 157(b)(2) of Title 28 of the United States Code, this is a core proceeding.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). This proceeding arises and relates to a case under the Bankruptcy Code pending in this District.

6. Paragraph 18 of the First Interim DIP Order (defined below) specifically grants the Committee standing to commence and prosecute this action.

## RELEVANT PROCEDURAL AND FACTUAL HISTORY

*Parties*

7. Plaintiff is the Official Committee of Unsecured Creditors appointed in the Debtor's Chapter 11 bankruptcy case.

8. Defendant Airway Industries, Inc. ("Debtor") is incorporated in the Commonwealth of Pennsylvania, and having its place of business at 10th Street & Factory Avenue, Ellwood, PA 16117. The Debtor does business as "Atlantic Luggage Company" and sells specialty luggage products and travel accessories to department stores, specialty luggage stores and via other distribution channels in the U.S., Canada and China.

9. Defendant Cerberus Partners, L.P. ("Cerberus Partners") is a limited partnership organized, upon information and belief, under the law of Delaware, and having its registered place of business at 450 Park Avenue, New York, New York 10022.

10. Defendant Cerberus Capital Management, L.P. ("Cerberus Capital") is a limited partnership organized, upon information and belief, under the law of Delaware, and having its registered place of business at 450 Park Avenue, New York, New York 10022.

11. Defendant Madeleine L.L.C. ("Madeleine" and, together with Cerberus Partners and Cerberus Capital, the "Cerberus Entities") is a limited liability company organized, upon information and belief, under the law of Delaware, and having its registered place of business

listed at 299 Park Avenue, 24th Floor, New York, New York 10171 and is now located at 450 Park Avenue, New York, New York 10022.

12. The Cerberus Entities hold the entirety of the Prepetition Senior Indebtedness[2] and the DIP Facility, as well as the majority of the Prepetition Subordinated Indebtedness.

*The Debtor's Bankruptcy Filing*

13. On January 20, 2006, ("Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (Pittsburgh Division) ("Court").

14. On January 26, 2006, the Court entered the *Interim Order (I) Authorizing (A) Debtor to Incur Postpetition Secured Debt, and (B) Use of Cash Collateral, (II) Granting Security Interests Pursuant to 11 U.S.C. §§ 105(a), 363(c), 364(c) and (d), and Bankruptcy Rules 2002, 4001 and 9014, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001 and 9014* (the "First Interim DIP Order").[3]

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the First Interim DIP Order.

[3] On February 17, 2006, the Court entered the *Amendment to Interim Order (I) Authorizing (A) Debtor to Incur Postpetition Secured Debt, and (B) Use of Cash Collateral, (II) Granting Security Interests Pursuant to 11 U.S.C. §§ 105(a), 363(c), 364(c) and (d), and Bankruptcy Rules 2002, 4001 and 9014, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364; and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001 and 9014* (the "Second Interim DIP Order"), which modified certain superpriority claim and lien rights set forth in the First Interim DIP Order, including by reference to various representations and modifications set forth by the Cerberus Entities at the hearing on February 17, 2006.

*The Debtor and the Cerberus Entities Assert that the Cerberus Entities are "Prepetition Secured Lenders" and Hold Perfected, First Priority Liens, Valid as of the Petition Date*

15. The pleadings, motions and schedules filed by the Debtor, as well as the representations made in Court by the Debtor and the Cerberus Entities assert that the Cerberus Entities hold perfected, first priority liens and security interests, that are valid as of the Petition Date and that the Cerberus Entities are "Prepetition Senior Lenders."

16. In the First Interim DIP Order, the Debtor represented that (i) under the Prepetition Senior Loan Documents the Prepetition Senior Lenders (the Cerberus Entities) are owed $44,093,272.69, (ii) the Prepetition Subordinated Lenders are owed $12,609,956 under the Prepetition Subordinated Loan Documents, and (iii) CIT is owed $1,800,000 under the CIT Facility.[4] The Debtor further represented that the each of the Prepetition Senior Lenders, the Prepetition Subordinated Lenders and CIT hold "valid, binding, enforceable and perfected first priority liens, . . . not subject to avoidance, reduction, disallowance, impairment or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law." First Interim DIP Order ¶ G at 7-8 (capitalized terms as used in the First Interim DIP Order). The First Interim DIP Order was entered with the knowledge and consent of the Prepetition Subordinated Lenders and CIT.

17. These representations and acknowledgments by the Debtor were intended by the Debtor and the Cerberus Entities to ensure that the Cerberus Entities obtained valid, unassailable and perfected liens not subject to disallowance or avoidance. These representations and acknowledgments by the Debtor in the First Interim DIP Order were required by the Cerberus Entities as a condition to the Cerberus Entities' agreement to the terms of the First Interim DIP Order. *See* Revolving Loan Promissory Note at 22, definition of "Interim Order."

---

[4] The Debtor was authorized by the First Interim DIP Order, to pay all outstanding CIT indebtedness of at least $1,800,000 through the use of DIP financing provided by the Cerberus Entities.

NYC/257687.4                                -5-

*UCC Financing Statements of the Prepetition Senior Loan*[5]

18. The records of the Secretary of State of the Commonwealth of Pennsylvania reflect that on June 4, 1998, Fleet Capital Corporation filed a "financing statement" with Airway Industries, Inc. as debtor as file no. 29001664 ("Original Pa. State Filing").

19. The records of the Lawrence County, Pennsylvania, Clerk reflect that on June 4, 1998, Fleet Capital Corporation filed a "financing statement" with Airway Industries, Inc. as debtor as file no. 30403/98 ("Original Lawrence County Filing").

20. The records of the Secretary of State of the Commonwealth of Pennsylvania reflect that on January 29, 2002, Fleet Capital Corporation filed a "financing statement amendment" with Airway Industries, Inc. as debtor and with Cerberus Partners, L.P. as the "changed (new or added) information" as file no. 34871295 ("Assignment Pa. State Filing").

21. The Assignment Pa. State Filing references the Original Pa. State Filing by listing file no. 29001664 as the "original file number."

22. The records of the Secretary of State of the Commonwealth of Pennsylvania reflect that on February 20, 2002, Fleet Capital Corporation filed an in lieu statement with Airway Industries, Inc. as debtor as file no. 34950231 ("In Lieu Pa. State Filing").

23. The In Lieu Pa. State Filing references the Original Lawrence County Filing by listing file no. 30403/98 as the "original file number."

24. The In Lieu Pa. State Filing contains no collateral description.

---

[5] Immediately upon the Committee's selection of counsel, the Committee undertook to investigate the extent and validity of liens against the Debtor's assets. In this regard, the Committee obtained a copy of the UCC search completed by the Debtor. This report from Lexis did not contain a copy of the actual filings, but did indicate that the Cerberus Entities' security interest lapsed in 2003. The Committee then ordered an actual search from NCR Corp. to obtain a copy of the actual filings, which confirmed that the Cerberus Entities' security interest lapsed in 2003. Thereafter, an additional search was ordered from Nationwide Information Services, which also confirmed the result. The description of the filings contained herein is based upon these searches.

25. The records of the Lawrence County, Pennsylvania, Clerk reflect that on February 20, 2002, Fleet Capital Corporation filed a "financing statement amendment" with Airway Industries, Inc. as debtor and with Cerberus Partners, L.P. as the "changed (new or added) information" as file no. 34950234 ("Assignment Lawrence County Filing").

26. The Assignment Lawrence County Filing contains no collateral description.

27. No continuation statement is on file in the office of the Secretary of State of the Commonwealth of Pennsylvania as to the Original Pa. State Filing. The time to do so expired on June 4, 2003.

28. No continuation statement is on file in the office of the Lawrence County, Pennsylvania, Clerk as to the Original Lawrence County Filing. The time to do so expired on June 4, 2003.

**FIRST CLAIM FOR RELIEF**
**(Objection to Validity, Perfection and Enforceability of Security Interest)**

29. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

30. The Cerberus Entities assert security interests in all or substantially all assets of the Debtor.

31. In order to continue the effectiveness of the security interests and liens asserted by the Cerberus Entities past June 4, 2003, a continuation statement was required to be filed in the office of the Secretary of State of the Commonwealth of Pennsylvania on or after December 5, 2002 and on or before June 4, 2003. No such filing was made in office of the Secretary of State of the Commonwealth of Pennsylvania between such dates.

32. The Defendants have failed to and cannot produce adequate evidence to establish that their security interests in and/or liens against the Debtor's assets are perfected in accordance with applicable law.

33. A determination by the Court of the amount, extent, validity, perfection, priority, and enforceability of the security interests claimed by the Cerberus Entities is necessary to the proper administration of the estate.

### SECOND CLAIM FOR RELIEF
### (Avoidance of Security Interest)

34. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

35. Sections 544 and 551 of the Bankruptcy Code provide for the avoidance and preservation of a lien or security interest against property of the estate. The Plaintiff seeks judgment pursuant to 11 U.S.C. §§ 544, 551 and state law avoiding and preserving the liens and security interests for the benefit of the estate.

36. The Cerberus Entities assert security interests in all or substantially all assets of the Debtor.

37. The Debtor, the Cerberus Entities and the Prepetition Subordinated Lenders asserted in their motions, pleading, schedules and representations to the Court, the Cerberus Entities' claim and status as alleged "prepetition secured" parties.

38. The Court accepted and acted upon the representations made by the Debtor, the Cerberus Entities and the Prepetition Subordinated Lenders and those of the Cerberus Entities made through the Debtor by, among other things, entering the First and Second Interim DIP Orders.

39. On the Petition Date, the Debtor was the owner and was in possession of the collateral subject to the alleged security interests of the Cerberus Entities.

40. The Cerberus Entities' security interests, if any, did not attach to the assets of the Debtor or were not perfected as of the Petition Date.

41. The security interests asserted by the Cerberus Entities were not perfected in the manner required by the Uniform Commercial Code of the State of Pennsylvania. 13 Pa.C.S.A. 1101 et seq.

42. The security interests asserted by the Cerberus Entities are subject to avoidance for the benefit of the Debtor's estate.

43. This Court should issue judgment declaring that the Cerberus Entities' alleged security interests, if any, were not perfected as of the Petition Date, avoiding the Cerberus Entities' security interests, pursuant to Section 544 of the Bankruptcy Code and preserving the Cerberus Entities' security interests for the benefit of the Debtor's estate, pursuant to Section 551 of the Bankruptcy Code.

**THIRD CLAIM FOR RELIEF**
**(Temporary Restraining Order and Preliminary Injunction)**

44. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

45. The First Interim DIP Order requires the Debtor to disburse the entirety of the Sale Proceeds to the Cerberus Entities immediately upon closing. Unless Defendants are temporarily restrained from doing so, immediate and irreparable injury, loss, or damage will result to Plaintiff and the creditors of this estate before notice can be served and a hearing had on an application for a preliminary injunction.

46. Until a final determination by the Court is made as to the extent, validity, perfection, priority and enforceability of the security interests asserted by the Cerberus Entities, any and all proceeds from the sale or disposition of the Debtor's assets should be held in escrow for the benefit of the estate.

47. This Court should issue judgment declaring that any and all proceeds from the sale or disposition of the Debtor's assets shall be held in escrow pending a final determination by the Court as to the extent, validity, perfection, priority, and enforceability of the security interests claimed by the Cerberus Entities.

WHEREFORE, the Committee demands Judgment against the Defendants, as follows:

(a) avoiding the liens and security interests asserted by the Cerberus Entities, pursuant to Section 544 of the Bankruptcy Code;

(b) preserving the liens and security interests asserted by the Cerberus Entities for the benefit of the estate, pursuant to Section 551 of the Bankruptcy Code;

(c) requiring the Debtor to hold the Sale Proceeds in escrow, pending final determination of the claims asserted herein;

(d) pending final determination of the claims asserted herein:

(i) temporarily restraining and enjoining the Debtor from disbursing any of the Sale Proceeds;

(ii) permanently enjoining the Debtor from disbursing any of the Sale Proceeds;

      (e)    granting such other, further and different relief as the Court deems just and proper.

Dated:    New York, New York
             February 26, 2006

Respectfully submitted,

ARENT FOX PLLC

By: */s/ George P. Angelich*
    George P. Angelich, PA I.D. No. 86623
    1675 Broadway
    New York, New York 10019
    Telephone:    212-484-3900
    Facsimile:    212-484-3990

- and -

ARENT FOX PLLC
Andrew I. Silfen
Schuyler G. Carroll (pro hac vice)
Robert M. Hirsh (pro hac vice)
Michael S. Cryan (pro hac vice)
1675 Broadway
New York, New York 10019
Telephone:    212-484-3900
Facsimile:    212-484-3990

Proposed Counsel for Official Committee of
Unsecured Creditors of Airway Industries, Inc.